## Shirley Farmers' Grain & Coal Company et al. v. L. J. Douglass.

1. MANDAMUS—*when does not lie to compel corporations to issue new stock certificate.*  Not until the transfer of the old certificate has been made pursuant to a valid and reasonable by-law of a corporation is such corporation obligated to issue a new certificate.

*Mandamus* proceeding.  Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.  Heard in this court at the May term, 1906.  Reversed and remanded.  Opinion filed November 27, 1906.

KERRICK & BRACKEN, for appellants.

WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellee filed his petition in the Circuit Court for a writ of *mandamus,* to compel appellants, Shirley Farmers' Grain & Coal .Company, a corporation, and Guy Karr, the president, and C. F. Quinn, the secretary of said company, to accept the surrender of a certificate of stock issued by said corporation to one James S. Ewing, and alleged to have been assigned by said Ewing to appellee; and to place the name of petitioner upon the books of said corporation as a stockholder.  The petition alleged that the said corporation is organized under the laws of the State of Illinois; that on May 5, 1904, said corporation issued to James S. Ewing a certificate for one share of its capital stock; that on June 15, 1904, said Ewing duly sold and assigned said certificate to petitioner; that afterward on February 1, 1905, on February 8, 1905, and on April 27, 1905, petitioner requested the corporation and its officers to permit him to surrender said certificate of stock and that a new certificate be issued to him; that said corporation and its officers then refused and still refuse to accept the surrender

of said certificate of stock, and to issue to petitioner in lieu of the same, a new certificate, by means whereof petitioner is prevented from enjoying the privileges and benefits to which, as the owner of said certificate of stock, he is entitled. Attached to the petition and made a part thereof, is a copy of the certificate of stock issued to said Ewing; also a copy of said Ewing's assignment to appellee, which appears upon the back of the certificate. The certificate of stock provides that it is "transferable only on the books of the corporation by the holder thereof in person, or by attorney, upon the surrender of this certificate properly indorsed." The written assignment reads as follows:

"For value received I hereby sell, assign and transfer unto *J. L. Douglass,* ——— shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint *Funk Douglass* to transfer the said stock on the books of the within named corporation, with full power of substitution in the premises."

A general demurrer was filed by the defendants to the petition, which was overruled. After some preliminary pleading, appellants on November 11, 1905, filed an amended answer by which they admitted issuing to James S. Ewing by the corporation, of a certificate for one share of its capital stock, but denied that they had any knowledge of an attempt by Ewing to assign the same, and averred that at the time of the issuance and delivery of said share of stock to Ewing and prior thereto, there was and still is in force a by-law of said corporation adopted by the stockholders, in words and figures as follows:

"Shares of stock may be transferred by indorsement of the certificate and its surrender to the secretary, for cancellation, whereupon a new certificate may issue to the assignee, and no assignment of stock shall be valid unless the same is entered in the books of the company, and a new certificate issued, and no assignee of such stock shall have any legal or equitable title

thereto, or have the right to vote thereon, until the same is so entered and a new certificate issued thereon; and no assignment shall be made to any person who already owns five shares, and no stockholder shall be permitted to transfer his stock without consent of a majority of the directors given at a legal meeting.''

The answer further avers that at and prior to the attempt by Ewing to sell and assign stock to appellee, both he and appellee had knowledge of the existence of such by-law. It denies that appellee ever at any time in person requested any or either of appellants that he be permitted to surrender said certificate of stock and that a new certificate be issued to him, but avers that on April 27, 1905, a son of appellee delivered to appellants a certain writing signed by appellee in the following words:

''I hereby tender to you a certificate of stock in said Shirley Farmers' Grain & Stock Company, and ask that same be surrendered; that you issue a new certificate in my name, and that my name be placed upon your books as the owner of stock in said company.''

It is further averred by the sixth paragraph of the answer that one Funk Douglass, who was at the time of the assignment of the certificate of stock, appointed by Ewing as his attorney to transfer the same on the books of the corporation, had never at any time, nor had any substitute for him ever requested the appellants to be allowed as such attorney or otherwise, to transfer the stock on the books of the corporation, nor had he ever made known his desire to do so, nor had he ever requested the appellants to accept the surrender of the certificate or the issuance of a new one to appellee, and that until said Funk Douglass as said attorney, or his substitute in that behalf, had made the transfer of said stock on the books of the corporation or had made proper demand to be permitted to do so, appellants could not lawfully comply with the petitioner's aforesaid request. The court sustained a general demurrer to the amended answer, whereupon appellants elected to abide by such answer and the

court rendered judgment in favor of appellee, and ordered that a peremptory writ of *mandamus* issue commanding appellants to accept the surrender of said certificate of stock and to issue to appellee a new certificate in lieu thereof, and that the name of appellee be placed upon the books of said corporation as a stockholder therein. To reverse said judgment this appeal is prosecuted. It is urged that the court erred in sustaining the demurrer to the answer of appellants, in rendering judgment in favor of the petitioner and in ordering said writ of *mandamus* to issue.

It will be unnecessary to consider the other defenses raised by the answer for the reason that we are of opinion that the averments of the sixth paragraph, if established, constitute a complete defense to the petition. Under the by-laws and the provisions of the certificate itself, it was essential to the validity of the same that the assignment of the stock should be entered in the books of the company, by either Ewing, the holder, or by his attorney, Funk Douglass, or some substitute appointed by said Funk Douglass. The requirements of the by-laws in these particulars are not shown to be unreasonable or contrary to law or public policy. In the absence of any contrary regulation it would seem proper that the title to the stock should be transferred on the books of the company by the holder. While it is customary in making assignments of certificates of stock, for the assignor, as a matter of convenience, to designate and appoint the secretary or some other officer of the corporation as his attorney to make the transfer on the books, he may, as was done in the present instance, appoint a stranger to the corporation for that purpose.

"The formal and usual manner of transferring shares of stock is for the original shareholder, or his attorney appointed by him for that purpose, to go to the office of the corporation and make an entry on the book kept for that purpose, usually what is called a stock ledger, to the effect that the shares have been

transferred to the new purchaser. The original certificate is then surrendered and a new one issued to the transferree." Thomp. Corp., sec. 2374. The transfer of stock upon the books of the corporation is no idle form. The title to the stock is created thereby. The certificate of stock is not the stock itself; it is but evidence of the title of the shareholder.

Although a transfer of the certificate without registry may be binding as between the vendor and vendee, as to all others, the vendee becomes entitled to the rights and benefits and privileges only when the shares are transferred to him on the books of the corporation in the manner prescribed by its by-laws. Colton v. Williams, 65 App. 466. While many corporations having similar by-laws requiring registry of transfer to be made upon the books of the company, waive the same by failing to keep a stock ledger and by permitting shares of stock to be transferred by the surrender of the original and issuance of a new certificate, which is evidenced by a memorandum of the transaction entered by the secretary upon the stub of the book in which the blank certificates are bound, appellant clearly had the right to prescribe by its by-laws the manner in which the transfers of its stock should be made and to insist upon strict compliance with such by-laws. Until a transfer of the shares of stock here in question had been made in accordance with the by-laws, or some proper party had offered to so make the same, appellee had no clear legal right to coerce the issuance of a new certificate by *mandamus*.

"The officers of the corporation are the custodians of its stock books, and it is their duty to see that all transfers of shares are properly made, either by the stockholders themselves, or persons having authority for them. If upon the presentation of a certificate of transfer, they are at all doubtful of the identity of the party offering it with its owner, or if not satisfied of the genuineness of a power of attorney produced, they

can require the identity of the party in the one case and the genuineness of the document in the other, to be satisfactorily established before allowing the transfer to be made." Telegraph Co. v. Davenport, 97 U. S. 369.

We are of opinion that the portion of the amended answer referred to presented a defense to the petition and that the Circuit Court erred in sustaining a general demurrer to such answer.

The judgment must, therefore, be reversed and the cause remanded.

*Reversed and remanded.*